UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID J. LEWANSKI, JR.<br>194 Chaffin Creek Road<br>Darby, Montana  59829 | ) ) ) ) | CASE NO.<br><br>JUDGE _____ |
| and | ) ) | |
| LEWANSKI DEVELOPMENT LLC<br>7530 Lucerne Drive, Suite 110<br>Middleburg Heights, Ohio  44130 | ) ) ) ) | |
| v. | ) ) | |
| EDWARD B. DUNLAP<br>12 Grandview Circle, 3rd Floor<br>Canonsburg, Pennsylvania  15317-8533 | ) ) ) ) | **COMPLAINT FOR<br>MONEY DAMAGES AND<br>DECLARATORY RELIEF** |
| and | ) ) | |
| DUNLAP FAMILY LLC<br>12 Grandview Circle, 3rd Floor<br>Canonsburg, Pennsylvania  15317-8533 | ) ) ) ) | |
| and | ) ) | |
| WALNUT HILLS LLC<br>12 Grandview Circle, 3rd Floor<br>Canonsburg, Pennsylvania  15317-8533 | ) ) ) ) | |

1. Plaintiff David J. Lewanski, Jr. is an individual who resides in Ravalli County, Montana.

2. Plaintiff Lewanski Development LLC is an Ohio limited liability company in the business of real estate development.  Collectively, Plaintiffs shall be referred to as "Lewanski."

3. On information and belief, Edward B. Dunlap is an individual residing in the state of Pennsylvania.

4. On information and belief, Dunlap Family, LLC is a Pennsylvania limited liability company. Edward Dunlap and Dunlap Family, LLC shall be collectively referred to as "Dunlap."

5. On information and belief, Walnut Hills LLC ("Walnut Hills") is a Pennsylvania limited liability company. Upon information and belief, Walnut Hills is currently owned and controlled by Dunlap and is developing property in Cuyahoga County. Lewanski claims a 12% ownership interest in Walnut Hills.

## VENUE AND JURISDICTION

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) as the parties are diverse and the amount in controversy exceeds $75,000.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial portion of the activities giving rise to the allegations in the complaint occurred in Cuyahoga County, Ohio, where the project at issue is located.

## FACTUAL BACKGROUND

8. In and around the late 2000s, Lewanski developed the idea of a residential and commercial mixed use development in Village of Orange, Cuyahoga County, Ohio, just to the east of Interstate 271 and between Chagrin Boulevard and Harvard Road (the "Project"). A concept description of the Project is attached as Exhibit A.

9. On or about July 31, 2013, Orange Village enacted Ordinance No. 2013-11, titled "An Ordinance Enacting the Pinecrest Plan Development District" (PPDD) regulations and rezoning certain parcels of land from Class U-12PPDD, amending the Village zoning map and

2

map designations, submitting the proposed district and zoning change to the voters of Orange Village and declaring an emergency." Voter approval was obtained for this proposal.

10. In preparation for the Project, Lewanski entered into at least 25 option agreements which gave Lewanski the right to acquire the land necessary for the Project ("Options").

11. On or about August 27, 2014, Lewanski, Dunlap and Fairmont Properties LLC entered into a Settlement Agreement. A true and accurate copy of the Settlement Agreement is attached as Exhibit B.

12. The Settlement Agreement separated the residential and commercial parts of the Project into separate development groups.

13. The Settlement Agreement left Dunlap and Lewanski to develop the residential portion of the Project.

14. As part of this, Dunlap agreed to undertake and complete eight specific tasks including:

> (3) "Agrees to form a new LLC for the development of the residential portion of the Project with Lewanski; Dunlap shall own 88% and Lewanski shall own 12% of such joint venture."
>
> * * *
>
> (8) "Agrees to pay Lewanski the sum of One Hundred Thirty-one Thousand and No/100 Dollars ($131,000.00) upon assignment of the Rule-Hoffman, PPN 901-01-026, 027, home to Dunlap or newly formed LLC to repay Lewanski part of the purchase price to Rule-Hoffman in accordance with the Option Agreement."

15. Also, as part of the Settlement Agreement, Lewanski agreed to complete three specific tasks:

> (a) Assign 25 Options to Dunlap;
>
> (b) Terminate the assignment of two options; and

  (c) Participate in the development of the residential portion of the Project and work to modify zoning to allow for a higher density of units.

16. Lewanski is in compliance with or has completed all of these tasks.

17. Despite Lewanski's compliance with all terms of the Settlement Agreement, Dunlap has breached two provisions:

  (a) Dunlap has failed to pay Lewanski $131,000 upon the assignment of the Rule-Huffman Option; and

  (b) While Dunlap appears to have formed Walnut Hills LLC to complete the residential portion of the Project, he has failed to confirm or provide any documentation that Lewanski is a 12% owner of Walnut Hills LLC, or any other LLC that has been formed to complete the residential portion of the Project.

## COUNT I
## BREACH OF CONTRACT

18. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 through 17 of the Complaint.

19. Pursuant to the Settlement Agreement (Dunlap Obligations, Paragraph 8), Dunlap owes Lewanski $131,000 upon the assignment of the Rule-Hoffman Option.

20. The Rule-Hoffman Option was assigned to Dunlap in 2014. But despite several demands Dunlap has refused to make the payment.

21. Dunlap is in breach of the Settlement Agreement and owes $131,000, plus interest to Lewanski.

4

## COUNT II
## DECLARATORY JUDGMENT

22. Plaintiffs incorporate each and every allegation contained in paragraphs 1 through 21 of the Complaint.

23. Dunlap agreed to form a new LLC for the development of the residential portion of the Project with Dunlap owning 88% and Lewanski owning 12%.  (Settlement Agreement, Dunlap Obligations, Paragraph 3).

24. On information and belief, Dunlap formed Walnut Hills LLC, a Pennsylvania limited liability company, for the purpose of developing the residential portion of the Project.

25. Despite several requests, Dunlap has failed to provide any type of documentation or an Operating Agreement showing that Lewanski indeed has a 12% interest in Walnut Hills LLC or even confirming that Walnut Hills LLC is the correct name of the LLC completing the residential portion of the Project.

26. Lewanski, among other things, conceived of the Project; assembled the land through Option contracts; and obtained the necessary approvals from the Village of Orange to develop the Project and contributed property of significant value for purposes of the development.

27. A justiciable controversy exists between the parties over the interpretation of the Settlement Agreement and Dunlap's obligation to form an LLC to develop the residential portion of the Project.

28. Lewanski seeks a declaration that he is entitled to 12% of Walnut Hills LLC or any other LLC formed for the purpose of completing the residential portion of the Project.

WHEREFORE, Lewanski asks for judgment in his favor against Dunlap as follows:

5

1. A judgment against Defendants in the amount of $131,000 plus interest.

2. A declaration that Lewanski is entitled to a 12% interest in Walnut Hills LLC and/or any other LLC formed for the purpose of developing the residential portion of the Project and that Dunlap must take all necessary steps to document this ownership structure.

3. A declaration that Lewanski is not required to contribute any funds, loans or monetary consideration of any type to the LLC formed to develop the residential portion of the Project.

4. In the alternative, the Court cannot resolve the ownership interest in the LLC, Lewanski asks that the Settlement Agreement be rescinded and each party be returned to its original position, including return of all consideration.

        /s/ *Lawrence D. Pollack*
Lawrence D. Pollack (0042477)
Frederick N. Widen (0029223)
ULMER & BERNE LLP
Skylight Office Tower, Suite 1100
1660 W. 2nd Street
Cleveland, OH   44113-1448
(216) 583-7000
(216) 583-7001 (Fax)
E-mail:  lpollack@ulmer.com
        fwiden@ulmer.com

*Attorneys for Plaintiffs*

2226975.2